No. 80-61

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

IRVIN G. RIIS and CHARLOTTE RIIS,
husband and wife,

Plaintiffs and Appellants,

-vs-

ROBERT J. DAY and DONNA RAE DAY,
husband and wife,

Defendants and Respondents.

---

Appeal from:   The District Court of the First Judicial District,
In and for the County of Broadwater, The Honorable
Gordon R. Bennett, Judge presiding.

Counsel of Record:

For Appellants:

Hooks and Budewitz, Townsend, Montana

For Respondents:

Peter Michael Meloy, Helena, Montana

---

Submitted on Briefs:  June 9, 1980

Decided:  JUL 1 - 1980

Filed: JUL 1 - 1980

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Appellants, Irvin G. and Charlotte A. Riis, commenced action in the District Court, First Judicial District, Broadwater County, for damages for breach of a renewal provision in a lease. The appellants appeal the District Court's order granting summary judgment to the respondents, Robert J. and Donna Rae Day.

On June 1, 1976, the appellants entered a two year lease agreement with Ned George, the father of respondent Donna Rae Day and the then owner of the subject property. The lease was typed by appellant Charlotte Riis. It contained a renewal provision which reads as follows:

> "Lessees are hereby given an exclusive option to renew this Lease and Agreement for an additional two years, under the same terms and provisions as this present Lease and Agreement except that the amount of rental shall be subject to negotiation and mutual agreement between the parties. In any event it is agreed that Lessees shall, if they exercise their said option to renew, have the right and privilege of meeting the bid of any other bona fide person, firm or corporation interested in leasing said property and if they shall meet such bid, they shall be entitled to a two year renewal of the Lease and Agreement.
>
> "Lessee's option to renew may be exercised by Lessees giving Lessor notice of exercise of said option, in writing at least 60 days prior to the termination of the Lease and Agreement."

On December 28, 1976, Ned George sold the subject property to his daughter and son-in-law, the respondents. The conveyance was expressly made subject to the 1976 lease between appellants and Ned George. More than a year prior to the termination date of the lease, the respondents advised appellants the lease would not be renewed. The respondents wanted the property for their own use.

-2-

Appellants later gave respondents written notice of their decision to exercise the renewal provision. The notice was given within the prescribed time period for exercising the renewal provision, but the respondents refused to recognize the renewal request. The appellants vacated the property upon the expiration of the lease on May 31, 1978.

On or about June 4, 1978, the respondents entered into an oral agreement with Joe Clark regarding the subject property. In exchange for caring for respondents' cattle on the subject property and an additional $8.00 per animal unit, Clark was permitted to graze ten head of his cattle with those of the respondents.

On August 30, 1978, appellants brought this cause for damages for breach of the renewal provision. After discovery and submission of affidavits, both parties moved for summary judgment. On December 28, 1979, the District Court entered its opinion and order. The District Court found the renewal provision void for lack of certainty regarding rent and granted summary judgment in respondents' favor.

The sole issue for review is whether the summary judgment entered was proper. We affirm the District Court. Under the facts at hand, no genuine issues of material fact remain unresolved, and the respondents rather than appellants were entitled to judgment as a matter of law. Rule 56, M.R.Civ.P.

As a general rule, an agreement must contain all its essential terms in order to be binding. Monahan v. Allen (1913), 47 Mont. 75, 130 P. 768. In this cause, we find the District Court was correct in holding the renewal provision void for lack of certainty regarding the essential term of rent.

We have never ruled on the validity of a renewal provision which is open to negotiation regarding rent, and the other

jurisdictions are divided on this issue. After a review of the authorities, we find three views prevail.

Under the old rule, a provision for the renewal of a lease must specify the time the lease is to extend and the rate of rent to be paid with such certainty that nothing is left to future determination. If it falls short of this requirement, the agreement is not enforceable. Slayter v. Pasley (1953), 199 Or. 616, 264 P.2d 444, 446. Jurisdictions following this view reason that courts cannot make contracts for the parties nor can they compel parties to agree upon one. Thus, if an essential term depends upon later agreement, the contract is void ab initia. Hall v. Weatherford (1927), 32 Ariz. 370, 259 P.2d 282, 285.

Under another view, which the parties here characterize as the "first minority view", a renewal provision will be enforced if it expressly contemplates a clear and definite mode for determining future rent. Thus, if a definite mode for renewal rent is provided by the lease agreement or by operation of law, which can be determined at the time of renewal without negotiation, the court is not making a new contract for the parties but merely compelling the parties to do what they plainly contemplated in the beginning. Slayter v. Pasley, supra, 264 P.2d at 446, 448.

Under the third and most liberal view, even if no mode for determining future rent is provided in the agreement, a renewal provision is valid if the contract shows the parties mutual consent to meet in the future for the purpose of making further provisions for a reasonable rent. If so, the court will imply a mutual agreement for a reasonable rent. According to the jurisdiction following this view, this rule effectuates the parties' intent. The provision must have been included for a reason, and if one party agreed only in

-4-

the secret belief the provision would later be held un-enforceable, then the equities compel enforcement. Voluntary consideration often already has been paid for it as an inducement for the original lease. To this extent, the landowner has benefited from the tenants' reliance on the clause, and the tenant has a stronger claim to the reciprocal benefit of the renewal provision. Moolenair v. Co-Build Companies, Inc. (D. Virgin Islands 1973), 354 F.Supp. 980, 982-983.

We believe the "first minority view" reflects the best standard. It recognizes the business utility of renewal provisions. Such provisions often do provide the inducement for entering the original lease. But, given fluctuating market conditions, the parties cannot fairly determine what would be an adequate rent in the future. At the same time, this standard also adheres to the wisdom of the old rule. It recognizes the danger of courts arbitrarily interpolating provisions into an arm's length transaction to breathe life into an otherwise invalid agreement.

Having adopted this view, we next answer whether the agreement here satisfies the standard chosen. We find it does not, and therefore, the renewal provision is void for lack of certainty regarding the essential term of rent.

As the District Court noted, the first two sentences of the renewal provision appear to conflict with each other. The first sentence gives appellants an "exclusive option", which constitutes an unconditional and continuing offer by the lessor. By supplying the proper acceptance, a tenant can compel the lessor to perform whether he wants to or not. Phalen v. Rilley (1971), 159 Mont. 239, 245, 496 P.2d 295, 298. The second sentence, on the other hand, appears to give the appellants a right of first refusal which is conditioned

upon a lessor's decision to relet the premises.  Phalen,
supra.

A contract is to be construed so as to make provisions
effective, if possible.  Repugnant provisions should be
interpretted in such a way as will give them some effect,
subordinate to the general intent and purpose of the entire
contract.  Sections 28-3-201, 28-3-202 and 28-3-204, MCA.

With these rules in mind, the most reasonable approach
is that followed by the District Court below.  The first
sentence should be construed as an exclusive option to renew
with the second sentence establishing a method of deter-
mining the amount of future rent to be owed.  The renewal
provision itself suggests this approach.  Under the express
terms of the agreement, the second sentence of the questioned
provision is operative only if appellants have exercised
their option to renew.

Even given this construction, however, the renewal
provision must still fail for lack of certainty regarding
rent.  As the District Court reasoned, the mode for deter-
mining rent comes into play only if a bid by a third-party
is made.  If there is no such bid, there is no expressed
method for determining rent, and the essential term of rent
remains uncertain.  Yet, in an option situation like that
presented here, a binding bilateral contract is created only
at the time all conditions precedent to the exercise of the
option are performed.  Corbin on Contracts, §264.  Since
there were no third party bids at the time this contract
should have been created in 1977, the option to renew was
void for lack of certainty as to how future rent was to be
determined.

In the appellants' view, the respondents arrangement
with Joe Clark is a bona fide offer bringing the lease

agreement's method of determining rent into play. Beyond this alleged question of fact, appellants maintain a further question is raised regarding whether the arrangement between respondents and Clark was a deliberate attempt to defraud the appellants. We do not agree.

There are no facts in the record indicating the arrangement between Clark and respondents is a leasehold arrangement. A lease is a contract which gives a lessee exclusive possession of the premises as against all the world, including the owner. Herigstad v. Hardrock Oil Co. (1935), 101 Mont. 22, 34-35, 52 P.2d 171, 174. Such is not the case here. Moreover, even assuming a lease arrangement between Clark and respondents, that arrangement was not entered into until after the option to renew had expired. Finally, concerning the alleged question of a deliberate fraud by respondents, there are no facts in the record giving rise to such a question. Once respondents established a lack of material questions of fact, appellants bear the burden of submitting facts in proper form which raised such questions. Silloway v. Jorgenson (1965), 146 Mont. 307, 310, 406 P.2d 167, 169. The respondents failed this burden.

The District Court's judgment is affirmed.

_____
                                    Justice

We Concur:

_____

_____

_____
                Justices
                                -7-

_Gene B Daly_
Justice