*509 MR. JUSTICE McDONOUGH
delivered the Opinion of the Court.
Appellant Burns appeals from the order of the District Court of the Thirteenth Judicial District granting summary judgment to respondents Underwriters Adjusting Company and Continental Insurance Company (Underwriters and Continental). We affirm.
The issue is whether Underwriters and Continental may be sued for counts based on their failure to defend their insured, Troy Zeiler. Burns sued Zeiler alleging that Zeiler negligently struck Burns. Underwriters and Continental refused to defend the suit because their investigation revealed that the policy excluded coverage for the injury inflicted on Burns by Zeiler.
The facts revealed to Underwriters and Continental prior to the suit against Zeiler were recorded by the lower court as follows:
“That on or about June 24, 1985, the Defendants received notice of the Burns claim and undertook an investigation, including obtaining a recorded statement from the insured, Troy Zeiler, which led the adjuster to believe that the actions of Troy Zeiler were not in self-defense but were intentional; on December 4, 1985, Underwriters Adjusting Company sent a Reservation of Rights letter to Zeiler advising him that serious questions existed as to the coverage; on January 13, 1986, Underwriters Adjusting Company learned that the insured, Troy Zeiler, pled guilty to felony aggravated assault criminal charge, arising out of the same incident; that his sentence was deferred for six years conditioned upon his paying $5,554.00 for the victim’s medical expenses; on February 4 and February 11, additional Reservation of Rights letters were sent to the insured advising that there was no coverage for the acts of the insured; . . .”
Facts in the record also reveal that prior to the filing of the cause at issue here, Underwriters and Continental informed Burns’s attorney that no coverage existed. Burns filed the claim for Zeiler’s “negligence” on March 12, 1986. Zeiler did not defend the suit, and the District Court entered judgment for Burns. Zeiler then assigned his claims against Underwriters and Continental to Burns, and Burns, now assuming Zeiler’s rights as an insured, initiated the law suit at issue. The policy covering Zeiler excluded from coverage:
“bodily injury or property damage that is expected or intended by a Covered Person except for bodily injury or property damage that results from the reasonable use of force to protect people or property.”
*510 The facts showed that Zeiler intentionally struck Burns, and that Zeiler could not claim self defense.
The District Court concluded that Underwriters and Continental had no duty to defend or indemnify Zeiler. To support its decision, the lower court cited Mutual Service Casualty Ins. Co. v. McGehee (Mont. 1985), [219 Mont. 304,] 711 P.2d 826, 42 St.Rep. 2038 (no duty to indemnify under similar facts and almost identical policy language), and United States Fidelity & Guaranty Co. v. Rae (Mont. 1984), [212 Mont. 450,] 688 P.2d 1246, 41 St.Rep. 1857 (if insurer has no duty to indemnify the insured, there is no duty to defend). We agree with the District Court that no material facts exist as to duty to indemnify. The undisputed facts undeniably show that Zeiler intentionally struck Burns without justification. We also agree with the lower court that McGehee controls and mandates the conclusion that there was no duty to defend.
Burns argues, however, that the lower court should have applied Northwestern National Casualty Company v. Phalen (1979), 182 Mont. 448, 597 P.2d 720, and similar cases holding that where the pleadings allege a cause which fits within policy coverage, a duty to defend arises. In particular, Burns argues that because his complaint alleges negligence, and because the policy covers negligence, Underwriters and Continental had a duty to defend. We disagree.
We hold here that Phalen does not cover every factual situation arising from an insurance company’s alleged failure to defend. As argued by respondents, the proper focus of inquiry is the acts giving rise to coverage, not the language of the complaint. See 14 G. Couch, Couch on Insurance 2d Section 51:50 (rev. ed. 1982). The cases relied on by Burns are distinguishable from the present case in that the facts supporting the allegations in the pleadings arguably gave rise to coverage. See, e.g., Phalen, 597 P.2d at 726. The facts established in this case clearly showed that the policy excluded coverage for the injury suffered by Burns. Thus, Rae controls over Phalen because Burns has been unable to come forward with facts demonstrating that coverage arguably existed. Rae, 688 P.2d at 1251.
In regard to Burns’s argument that the duty to defend was established prior to the initiation of this action, this Court takes the opportunity to make the following observation. Rule 11, M.R.Civ. P., requires that pleadings meet the following requirements: they must be formed after reasonable inquiry; they must be warranted by existing law or a good faith argument for an extension, modification, or reversal of existing law; and they must not be interposed for any *511 improper purpose. The rule that insurers may be required to defend suits based on allegations in pleadings must be read with the requirements of Rule 11. As stated by the Supreme Court of Minnesota in a similar duty to defend suit:
“To hold otherwise is to invite undercover deals, lack of candor, and manipulation of the tort pleadings as a device for involving an insurer who could not otherwise be involved.”
F. & M. State Bank v. St. Paul Fire & Marine (1976), 309 Minn. 14, 242 N.W.2d 840, 844 n. 7. We refuse to find the creation of the duty on the basis of the pleadings made in this case.
Affirmed.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES HARRISON, WEBER and GULBRANDSON concur.