978 F.2d 716
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TRADERS STATE BANK OF POPLAR, MONTANA and Northeast Montana
Bank Shares, Inc., Plaintiff-Appellant,
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant-Appellee.
 No. 91-35764.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1992.*
Decided Oct. 26, 1992.
 
 Before TANG, PREGERSON and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellants Traders State Bank of Poplar Montana and Northeast Montana Bank Shares, Inc. (collectively "the Bank") appeal from the district court's grant of summary judgment in favor of United States Fidelity and Guaranty Company ("USF & G"). USF & G brought this declaratory judgment action to obtain a declaration regarding whether it had a duty to defend the Bank in a state court action. The Bank asserts that the district court erred in holding that USF & G had no duty to defend the Bank because the factual allegations in Count II of the underlying complaint contain all the elements of a defamation claim and thus trigger the duty to defend under the policy's Personal Injury Endorsement. The Bank also contends that the underlying complaint sets forth a claim for invasion of privacy, thereby invoking coverage under the terms of USF & G's Personal Injury Endorsement.
 
 
 3
 We affirm the grant of summary judgment in favor of USF & G because we conclude that it did not have a duty to defend the Bank since the underlying complaint did not state a cause of action for defamation or invasion of privacy.
 
 I.
 
 4
 In 1985, the Bank purchased a Comprehensive General Liability Policy and a Comprehensive Excess Indemnity Policy (collectively the "Policy") from USF & G. Under the Personal Injury Endorsement contained in the Policy, USF & G is obligated to defend and indemnify the Bank in an action for damages resulting from a defamatory or disparaging publication or a violation of an individual's right of privacy.
 
 
 5
 While the Policy was in effect, Mann Farms sued the Bank in Montana state court.[1] The complaint did not contain a specific claim for defamation. In Count II of the complaint, Mann Farms alleged that the Bank "provided false and damaging information to creditors and potential creditors of the Plaintiffs." The complaint also alleged that the Bank breached "the implied contract of customer privacy" by providing unauthorized information about Mann Farms to other lending institutions.
 
 
 6
 While this declaratory judgment action was pending in the district court, the Montana trial court granted the Bank's motion for summary judgment and dismissed the action filed by Mann Farms. In affirming the dismissal of the Mann Farms action, the Montana Supreme Court stated that the complaint contained claims for "breach of the implied covenant of good faith and fair dealing; breach of fiduciary obligations; negligent misrepresentation; interference with contract; and breach of implied contract of customer privacy." Mann Farms Inc. v. Traders State Bank of Poplar, Montana, 801 P.2d 73, 75 (Mont.1990).
 
 
 7
 In granting USF & G's motion for summary judgment, the district court ruled that the allegations in the Mann Farms complaint concerning "false and damaging information" were contained in counts alleging bad faith and breach of fiduciary duty and did not state separate claims for defamation or invasion of privacy.
 
 II.
 
 8
 A grant of summary judgment is reviewed de novo. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). We must determine, viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). In this diversity action, Montana law controls the substantive rights and obligations of the parties. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Liberty Bank of Montana v. Travelers Indemnity Co. of America, 870 F.2d 1504, 1506 (9th Cir.1989).
 
 III.
 
 9
 The Bank acknowledges that the underlying complaint does not explicitly set forth a claim for defamation. However, the Bank argues that Count II of the complaint filed by Mann Farms includes an allegation that the Bank provided "false and damaging information to creditors and potential creditors of Plaintiffs." The Bank argues that this allegation incorporates every element of a defamation claim, and thus triggers USF & G's duty to defend pursuant to the Personal Injury Endorsement.
 
 
 10
 Under Montana Law, an insurer has a duty to defend when a complaint filed against its insured alleges facts representing a risk covered by the terms of the insurance policy. Graber v. State Farm Fire and Casualty Co., 244 Mont. 265, 270 (1990). When the claim falls outside the scope of the policy's coverage, the insurer has no obligation to defend. McLear v. Saint Paul Ins. Co. v. Weiner, 158 Mont. 452, 456 (1972). If even one count of the complaint falls within the insurance coverage, however, the insurer must defend all counts. Home Ins. Co. v. Pinski Bros. Inc., 160 Mont. 219, 227 (1972).
 
 
 11
 Although Montana state courts have not addressed the issue, several federal courts interpreting Montana law have held that the duty to defend under a personal injury endorsement applies only to tort claims specifically enumerated in the endorsement. Liberty Bank of Montana, 870 F.2d 1504, 1508 (9th Cir.1989); Aetna Casualty & Surety Co. v. First Sec. Bank of Bozeman, 662 F.Supp. 1126, 1132 (D.Mont.1987). Factual allegations offered in support of claims that are not specified in the endorsement will not trigger the duty to defend, even if those allegations incorporate elements of a covered claim. See e.g., Liberty Bank of Montana, 870 F.2d at 1508 (allegations that customer had suffered damage to his reputation was consequential to the bad faith and wrongful termination claims and did not state a separate claim for defamation under the personal injury endorsement); Aetna, 662 F.Supp. at 1132 (allegation that bank told employee she was fired was offered in support of the wrongful termination claim and did not create a separate claim for defamation). See also American And Foreign Ins. Co. v. Church Sch. in Diocese of Virginia, 645 F.Supp. 628, 634 (E.D.Va.1986) (merely using the words defamatory or disparaging in a recital of facts in support of non-covered claims will not create a duty to defend under a personal injury endorsement.)
 
 
 12
 The Bank contends that Liberty Bank and Aetna are distinguishable from this case. In particular, the Bank argues that unlike the allegations at issue in Liberty Bank and Aetna, the factual allegations in the underlying Mann Farms complaint incorporate all of the elements of a defamation claim and thus state a separate claim for defamation.
 
 
 13
 Contrary to the Bank's assertion, the factual allegations in the underlying complaint do not state a separate claim for defamation. The Montana Supreme Court construed the complaint as stating claims for "breach of the implied covenant of good faith and fair dealing, breach of fiduciary obligations, negligent misrepresentation, interference with contract, and breach of the implied contract of customer privacy." Mann Farms Inc., 801 P.2d at 75. The Montana Supreme Court did not find a claim for defamation. See id. Although the Montana Supreme Court was not faced with the question of whether the facts recited in the underlying complaint give rise to a duty to defend, its characterization of the complaint is persuasive authority that under Montana law, the allegations in Count II are incidental to the bad faith and breach of fiduciary claims and do not state a separate defamation claim. Thus, the district court did not err in holding that the factual allegations in the underlying complaint do not trigger the duty to defend under the Personal Injury Endorsement.
 
 IV
 
 14
 The Bank also contends that the Mann Farms complaint states a cause of action for invasion of privacy sufficient to invoke USF & G's duty to defend. Count II of that complaint includes an allegation that the Bank provided unauthorized information about Mann Farms to other lending institutions. Count V alleges that the Bank breached the "implied contract of customer privacy by disclosing information about [Mann Farms'] banking relationship without authorization."
 
 
 15
 Contrary to the Bank's assertion, the bare allegations in Count III are insufficient to trigger the duty to defend. As the district court noted, these allegations were made in support of causes of action for breach of fiduciary duty and bad faith claims, and do not state a separate claim for invasion of privacy. See e.g., Aetna, 662 F.Supp. at 1132 (duty to defend is triggered by the claim asserted in the underlying complaint. A bare factual allegation offered in support of a non-covered claim will not create a duty to defend.)
 
 
 16
 Count V, however, presents a different issue. Unlike Count III, Count V specifically identifies a claim for "breach of the implied contract of customer privacy." The Bank cites no authority supporting the existence of this tort and it is unclear whether such a cause of action exists in Montana. Indeed, we agree with the district court that Mann Farms' theory of liability seems more akin to a tort claim for breach of the implied covenant of good faith and fair dealing than to an invasion of privacy claim. Nevertheless, to the extent that Count V can be viewed as stating a claim for the common law tort of invasion of privacy, the issue is whether the tort was alleged with sufficient precision to trigger the duty to defend.
 
 
 17
 The label given a cause of action will not, by itself, trigger coverage under the policy. See Burns v. Underwriters Adjusting Co., 765 P.2d 712, 712-13 (Mont.1988) ("the proper focus of inquiry is the acts giving rise to coverage, not the language of the complaint"). The facts alleged in support of a covered claim must support the liability theory. Id. To state a claim for invasion of privacy, a plaintiff must allege facts demonstrating a " 'wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.' " Sistock v. Northwestern Tel. Sys. [s], Inc., 615 P.2d 176, 182 (Mont.1980) (quotation omitted).
 
 
 18
 Count V does not allege sufficient facts to establish a "wrongful" intrusion into the plaintiff's right of privacy. Rather, the facts offered in support of that claim merely state that the Bank informed other lending institutions of plaintiff's financial affairs without the plaintiff's consent. As the Montana Supreme Court noted, the Bank's disclosure of information concerning Mann Farms' finances occurred as part of a routine, lawful credit check and was done with a "legitimate business purpose." Mann Farms, 801 P.2d at 77. The facts offered in support of the claim for "breach of the implied contract of customer privacy" are insufficient to state a claim for invasion of privacy. Therefore, they do not give rise to a duty to defend under the Personal Injury Endorsement.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs without oral argument pursuant to Fed.R.App.P. 34(a), 9th Cir.Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mann Farms Inc. v. Traders State Bank of Popular Montana, 245 Mont. 234, 801 P.2d 73 (1990)