No. 00-265

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 373

**303 Mont. 468**

**16 P. 3d 355**


DAWN MARIE BRABECK, GERALD BRABECK,

and BRABECK CONSTRUCTION, INC.,

Plaintiffs/Respondents,

v.

EMPLOYERS MUTUAL CASUALTY COMPANY,

Defendant/Appellant.

APPEAL FROM: District Court of the Seventeenth Judicial District,

In and for the County of Valley,

The Honorable John C. McKeon, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Tia R. Robbin, James E. Vidal, Kaufman, Vidal & Hileman, Kalispell, Montana

For Respondents:

Matthew W. Knierim, Laura Christoffersen, Christoffersen & Knierim, Glasgow, Montana

Submitted on Briefs: August 31, 2000
Decided: December 28, 2000

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1 This appeal from the Seventeenth Judicial District Court, Valley County, involves an insurer's refusal to defend its insured. Dawn Marie Brabeck (Dawn), Gerald Brabeck (Gerald), and Brabeck Construction, Inc. (BCI) (or collectively "Respondents") brought this action seeking a declaratory judgment that Appellant, Employers Mutual Casualty Company (EMC), is required to defend them against a lawsuit arising out of a car accident Dawn was involved in while driving Gerald's car. The District Court granted Respondents' summary judgment on this issue. We reverse and remand.

¶2 The only issue on appeal is whether the District Court erred in ruling that EMC's insurance coverage of BCI and Gerald requires EMC to defend and indemnify BCI and Gerald against a lawsuit arising out of Dawn's car accident?

## FACTUAL BACKGROUND

¶3 On July 1, 1997, Dawn was driving her father's personal car when she was involved in a collision with Don Lesmeister (Lesmeister). Gerald is Dawn's father. Gerald insured his car personally with State Farm Insurance under a standard automobile liability insurance policy. Lesmeister sued Dawn, Gerald, and BCI over the car accident. State Farm Insurance settled Lesmeister's claims on behalf of Dawn and Gerald, but reserved his claim against BCI.

¶4 BCI is a Montana corporation, and is engaged in the contracting business around Glasgow. It has two shareholders, Gerald who owns 25% of the outstanding stock, and his brother Mark Brabeck (Mark) who owns the remaining 75%. Gerald is also an officer and

employee of BCI. Mark purchased a general liability insurance policy for BCI from EMC. An insurance agent added both Mark and Gerald as named insureds on the policy. Thus, the policy's named insureds are BCI, Gerald, and Mark.

¶5 Lesmeister contended in his complaint against BCI that Dawn was acting in the scope of her employment with BCI. BCI attempted to tender its defense against Lesmiester's lawsuit to EMC, the general liability carrier for BCI. EMC refused to defend BCI or to pay BCI any indemnity benefits under its policy, citing the "automobile exception" to the general liability policy. BCI entered its appearance in Lesmeister's lawsuit by denying that Dawn was in any manner employed by BCI and that no agency or respondeat superior relationship existed between BCI and Dawn at the time of the car accident.

¶6 BCI then brought this action seeking a declaratory judgment that its general liability policy provides coverage under the facts alleged in Lesmeister's complaint and that EMC is required to defend and indemnify BCI. Respondents alleged in their complaint that Lesmeister claims as follows:

> that Dawn Marie Brabeck was operating the motor vehicle in question at the request of Gerald and Mark Brabeck for the purpose of business or work to be performed for the benefit of Brabeck Lumber and Brabeck Construction, Inc., who is the named insured under the liability policy issued by Defendant.

Both BCI and EMC filed cross motions for summary judgment.

¶7 The District Court found that the policy definition of "insured" was ambiguous under the facts of this case. It found that there was doubt whether the automobile exclusion provision applied. Since ambiguities should be resolved against the insurer, EMC, the District Court granted summary judgment in Respondents' favor. EMC now appeals to this Court.

## STANDARD OF REVIEW

¶8 We review a district court's decision to grant summary judgment *de novo*, based on the same criteria applied by the district court. Counterpoint, Inc. v. Essex Ins. Co., 1998 MT 251, ¶ 7, 291 Mont. 189, ¶ 7, 967 P.2d 393, ¶ 7. Because the material facts are uncontroverted, we limit our review to questions of law. The District Court based its decision upon its interpretation of the insurance contract at issue. The interpretation of an

insurance contract is a question of law. Pablo v. Moore, 2000 MT 48, ¶ 12, 298 Mont. 393, ¶ 12, 995 P.2d 460, ¶ 12. We review a district court's conclusion of law to determine whether it is correct. *Pablo*, ¶ 12.

## DISCUSSION

**¶9 Did the District Court err in ruling that EMC's insurance coverage of BCI and Gerald requires EMC to defend and indemnify BCI and Gerald against a lawsuit arising out of Dawn's car accident?**

¶10 If the asserted claim is not covered by the policy, then the insurer has no duty to defend the insured. Insured Titles, Inc. v. McDonald (1996), 275 Mont. 111, 116, 911 P.2d 209, 211. An insurer's duty to defend its insured is determined by the language of the insurance policy. Burns v. Underwriters Adjusting Co. (1988), 234 Mont. 508, 511, 765 P.2d 712, 714. Coverage is based upon the acts giving rise to the claim, not necessarily the language of the complaint. New Hampshire Ins. Group v. Strecker (1990), 244 Mont. 478, 482, 798 P.2d 130, 132. If the insurer would have no obligation to indemnify the insured, if the complainant recovers, then the insurer has no duty to defend. Graber v. State Farm Fire and Cas. Co. (1990), 244 Mont. 265, 270, 797 P.2d 214, 217; McAlear v. Saint Paul Insurance Companies (1972), 158 Mont. 452, 456, 493 P.2d 331, 334.

¶11 Here, Lesmeister's complaint alleges that BCI is vicariously liable for the negligent driving of its agent based on the theory of respondeat superior. Lesmeister's complaint alleges that Dawn was acting on behalf of BCI by operating Gerald's car at his request and for the purpose of business or work to be performed for the benefit of BCI. Therefore, the complaint makes Dawn's operation of the automobile the operation of the automobile by the insured, BCI. However, the insurance policy specially excludes coverage of claims arising out of the operation of an automobile by an insured.

¶12 This Court interprets an insurance policy's terms according to their usual, common sense meaning as viewed by a reasonable insured. *Counterpoint*, ¶ 13. While we interpret any doubts in coverage strictly against the insurer, we do not do this where the policy's terms are not ambiguous. *Pablo*, ¶ 17. Where the policy's language is clear, we will not rewrite it, but enforce it as written. Stutzman v. Safeco Ins. Co. of America (1997), 284 Mont. 372, 379, 945 P.2d 32, 36. We hold that the insurance policy's language at issue here is not ambiguous.

¶13 Here, Section I of the insurance policy sets its scope of coverage as follows:

### 1. Insuring Agreement

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. . . .

* * *

### 2. Exclusions

This insurance does not apply to:

* * *

### g. Aircraft, Auto or Watercraft

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, auto or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."

¶14 Section II of the policy defines who is an insured as follows:

1. If you are designated in the Declarations as:

a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

c. A limited liability company, you are an insured. Your members are also insureds,

but only with respect to the conduct of your business. Your managers are insured, but only with respect to their duties as your managers.

d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

2. Each of the following is also an insured:

a. Your "employees" other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) . . . but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. . .

¶15 Section II, Part 1(d) of this policy provides that if the entity designated as an insured in the declarations is a corporation, then the corporation is an insured. Under the same provision, the executive officers of the corporation are also insured with respect to their duties as officers. Moreover, an employee of the corporation is an insured for acts within the scope of her employment, or while performing duties related to the conduct of the corporation's business.

¶16 Gerald is both an executive officer and an employee of the corporation. Thus, he qualifies as an insured whether he was performing duties in his capacity as the corporate secretary or in his capacity as an employee of the corporation. Lesmeister's complaint alleges that Dawn was operating Gerald's personal motor vehicle at Gerald's request for the purpose of business or work to be performed for the benefit of BCI. The insurance policy does not provide coverage for this type of situation.

¶17 The policy excludes coverage for any claims arising out of the use of any automobile owned by any insured. Here, the vehicle involved in the accident was personally owned by Gerald. Further, the complaint alleges that Gerald directed its use in connection with the business of BCI. Gerald's alleged conduct was in his capacity either as an executive officer or as an employee, thereby rendering him an insured with respect to the alleged conduct. Therefore, his entrustment of his vehicle to Dawn was "entrustment to others of any . . . auto . . . owned . . . by . . . any insured." All the exclusion's elements are satisfied by the underlying complaint's allegations. EMC has no duty to defend Gerald.

¶18 Likewise, the insurance policy clearly names BCI as an insured. Respondents' complaint for declaratory judgment characterizes the basis upon which Lesmeister seeks to establish BCI's liability as an alleged relationship of employer-employee or the theory of respondeat superior. The basis for Lesmeister's underlying claim is that BCI acted negligently through its agent in the use of an automobile. This allegation triggers the policy's automobile exclusion. EMC does not owe BCI a duty to defend.

¶19 Reversed and remanded for entry of judgment in accordance with the provisions of this opinion.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ KARLA M. GRAY