No. 04-568

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 59

GRB FARM,

      Plaintiff and Appellant,

    v.

CHRISTMAN RANCH, INC.; LANNY CHRISTMAN;
JO ANN SHERRARD; and MARILYN CHRISTMAN,

      Defendants and Respondents.


APPEAL FROM:    District Court of the Ninth Judicial District,
                    In and for the County of Teton, Cause No. 2002 DV-17,
                    The Honorable Marc G. Buyske, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

      Jeremy S. Yellin, Attorney at Law, Havre, Montana

      For Respondent:

      Robert B. Pfennigs, Jardine, Stephenson, Blewett & Weaver, P.C., Great
      Falls, Montana


                         Submitted on Briefs:  February 16, 2005

                                    Decided:  March 8, 2005

Filed:

                  _____
                                Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1	Appellant GRB Farm (GRB) appeals the grant of summary judgment entered by the Ninth Judicial District Court, Teton County, for Respondent Christman Ranch (Christman) on GRB's claims of breach of contract and breach of the implied covenant of good faith and fair dealing. We affirm.

¶2	We must decide whether the District Court erred in determining that the contract between Christman and GRB lacked material terms, was vague on its face and, therefore, was unenforceable as a matter of law.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3	GRB and Christman entered into two separate farm-lease agreements for agricultural property on December 18, 1998, and September 30, 1999. Under the terms of both agreements, Christman leased to GRB land on a cash per acre basis for a term of five years. Both agreements contained the following clause that allowed GRB an option to negotiate a renewal with Christman at some future date:

> After October 1, 2002, Lessee shall have the option to negotiate an extension of this lease for years subsequent to the year 2002, upon such terms and conditions as Lessor and Lessee shall agree to at that time.

The parties agreed to include this provision in order to give Christman sufficient flexibility in the event it needed to sell the leased property to satisfy existing debts encumbering the property.

¶4	Christman approached GRB with the option to purchase the subject property near the expiration of the leases in 2002. GRB refused. Christman later entered into a purchase agreement with a third party.

2

¶5 GRB filed a complaint on September 9, 2002, after Christman sold the property to the third-party. GRB alleged that Christman breached the farm-lease agreements and the implied covenant of good faith and fair dealing. Christman moved for summary judgment and GRB filed a cross-motion for summary judgment.

¶6 The District Court conducted a hearing on the competing motions for summary judgment and later entered its order granting Christman's summary judgment motion. The District Court concluded that the negotiation clause in the farm-lease contract constituted an agreement to agree, was vague on its face and, therefore, proved unenforceable. The court did not discuss specifically the implied covenant of good faith and fair dealing. This appeal followed.

## STANDARD OF REVIEW

¶7 We review a district court's decision to grant summary judgment *de novo*, based on the same criteria applied by the district court under Rule 56, M.R.Civ.P. *Watkins Trust v. Lacosta*, 2004 MT 144, ¶ 16, 321 Mont. 432, ¶ 16, 92 P.3d 620, ¶ 16. As the material facts here remain uncontroverted, we limit our review to questions of law. *Brabeck v. Employers Mut. Cas. Co.*, 2000 MT 373, ¶ 8, 303 Mont. 468, ¶ 8, 16 P.3d 355, ¶ 8. The District Court interpreted the farm-lease agreement in reaching its decision and this interpretation represents a conclusion of law. *Pablo v. Moore*, 2000 MT 48, ¶ 12, 298 Mont. 393, ¶ 12, 995 P.2d 460, ¶ 12. We review a district court's conclusion of law to determine whether it is correct. *Pablo*, ¶ 12.

## DISCUSSION

¶8 **Whether the District Court erred in determining that the contract between**

3

**Christman and GRB lacked material terms, was vague on its face, and therefore was unenforceable as a matter of law.**

¶9     GRB argues that the negotiation clause of the farm-lease agreements constitutes an agreement enforceable by the parties to negotiate an extension of the farm-lease. As a result, GRB contends that it deserves to continue leasing the land under the theory of specific enforcement even though the parties failed to negotiate a new agreement. GRB also maintains that the District Court failed to resolve issues of material fact in addressing its claims of breach of the covenant of good faith and fair dealing.

¶10     We interpret the language of contractual provisions according to their plain, ordinary meaning. *Schwend v. Schwend*, 1999 MT 194, ¶ 36, 295 Mont. 384, ¶ 36, 983 P.2d 988, ¶ 36. We apply the contract language as written when it is unambiguous and susceptible to only one interpretation. *Carelli v. Hall* (1996), 279 Mont. 202, 209, 926 P.2d 756, 761. An ambiguity exists when the contract language reasonably may be subject to two different interpretations. *Schwend*, ¶ 39.

¶11     An agreement that requires the parties to agree to material terms in the future is not an enforceable agreement whereby specific performance will be granted. *Steen v. Rustad* (1957), 132 Mont. 96, 106, 313 P.2d 1014, 1020. As noted by the Court in *Steen*, a contract that necessitates specific performance must be complete and certain in all essential matters included within its scope. *Steen*, 132 Mont. at 106, 313 P.2d at 1020. Further, "an agreement the terms of which are not sufficiently certain to make the precise act which is to be done clearly ascertainable" cannot be specifically enforced. *Quirin v. Weinberg* (1992), 252 Mont. 386, 393-94, 830 P.2d 537, 541 (citing § 27-1-412(5), MCA).

4

¶12 We conclude that the District Court correctly determined that the negotiation clause in the farm-lease contract represented a mere agreement to agree. The parties agreed only to contemplate negotiating an extension of the lease for some indeterminate period of time and for some unspecified amount. The negotiation clause specifically refers to such terms and conditions as the parties "shall agree to at that time."

¶13 The circumstances here mirror those in *Riis v. Day* (1980), 188 Mont. 253, 613 P.2d 696. In *Riis*, we considered whether a renewal provision in a lease agreement failed to contemplate a method for determining rent where the agreement's terms provided "the amount of the rental shall be subject to negotiation and mutual agreement between the parties." *Riis*, 188 Mont. at 255, 613 P.2d at 697. After the lessee brought a claim seeking damages for breach of the renewal provision after the lessor terminated the lease, we held that the essential terms in the lease agreement were not enforceable where it failed to contemplate expressly a clear and definite mode for determining the amount of payment. *Riis*, 188 Mont. at 257, 613 P.2d at 698.

¶14 The parties' failure here to include complete and material terms for determining duration and payments for another lease term in the negotiation clause similarly rendered it unenforceable. Specific performance remains unavailable to enforce an agreement to agree to material terms in the future. *Steen*, 132 Mont. at 106, 313 P.2d at 1020. Further, the parties' failure to negotiate an extension to the farm-lease makes calculating damages untenable as "damages which are not clearly ascertainable in both their nature and origin cannot be recovered for a breach of contract." Section 27-1-311, MCA.

¶15 Finally, we need not consider GRB's claims for breach of the implied covenant of

good faith and fair dealing as the covenant does not attach in the absence of an enforceable agreement. *Cate v. First Bank (N.A.)–Billings* (1993), 262 Mont. 429, 433, 865 P.2d 277, 279. Therefore, we conclude that the District Court properly granted Christman's motion for summary judgment after determining that the negotiation clause was vague and unenforceable.

¶16 Lastly, Christman requests we award it attorneys' fees pursuant to Rule 32, M.R.App.P., based upon GRB's appeal of the District Court's order "without substantial or reasonable grounds." As a general rule, this Court declines to impose sanctions pursuant to Rule 32, M.R.App.P., unless the appeal appears entirely unfounded and intended to cause delay or unless counsel's actions otherwise constitute an abuse of the judicial system. *In re Marriage of Moss*, 1999 MT 62, ¶ 41, 293 Mont. 500, ¶ 41, 977 P.2d 322, ¶ 41 (citations omitted).

¶17 We hold GRB based its appeal on substantial and reasonable grounds and was not intended to cause delay. Indeed, GRB put forth several reasonable arguments why the District Court's judgment should have been modified or reversed. We remain satisfied from the record and presentation of the appeal, however, that no reversible error occurred. Accordingly, we decline Christman's request to award its attorneys' fees and costs for having to respond to this appeal.

/S/ BRIAN MORRIS

We Concur:

6

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE