FILED

11/28/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0150

DA 23-0150

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 230N

PAMELA JO POLEJEWSKI,

       Plaintiff and Appellant,

  v.

CASCADE COUNTY, JOHN and JANE DOE,

       Defendants and Appellees.

APPEAL FROM:   District Court of the Eighth Judicial District,
                  In and For the County of Cascade, Cause No. ADV-20-274
                  Honorable David J. Grubich, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Pamela Jo Polejewski, Self-Represented, Great Falls, Montana

       For Appellee Cascade County:

       Mark F. Higgins, Molenda L. McCarty, County Litigation Group,
       Helena, Montana

Submitted on Briefs:  September 6, 2023

Decided:  November 28, 2023

Filed:

_____
                 Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Pamela Jo Polejewski appeals from the Eighth Judicial District Court orders granting Cascade County's motion for summary judgment and denying her motions for leave to file amended and supplemental pleadings. Polejewski asserts numerous constitutional and non-constitutional arguments on appeal. We affirm.

¶3 On May 6, 2020, one hundred and seventy-two animals were recovered in the wake of a structure fire on Polejewski's property. Polejewski filed the civil complaint now at issue one week later. The County subsequently petitioned for forfeiture of the animals under § 27-1-434, MCA, which the District Court granted after a hearing. The District Court granted the County's petition and consolidated the matter with Polejewski's civil complaint at issue now. Polejewski appealed, arguing § 27-1-434, MCA, should be struck down as a violation of the double jeopardy clause and as unconstitutionally vague. We affirmed the forfeiture order and dismissed Polejewski's constitutional claims for failure to properly preserve the issues for appeal. *State v. Polejewski*, 2020 MT 287N, 402 Mont. 427, 474 P.3d 1289 (*Polejewski XIV*).

¶4 One day after the Notice of Filing Remittitur for *Polejewski XIV* was filed, Polejewski filed a motion for reconsideration and a motion for an injunction in the District Court. The District Court denied both motions after a hearing. The District Court again

upheld the legality of the State's seizure and subsequent release of the recovered animals, which rendered her motion for injunction moot. The District Court also held Polejewski's constitutional claims were barred by res judicata. Polejewski again appealed, and we again affirmed. *State v. Polejewski*, 2021 MT 283N, 407 Mont. 440, 497 P.3d 1184 (*Polejewski XVI*).

¶5 Polejewski's civil complaint against the county alleged a litany of constitutional violations, namely: "Trespassing, Color of State Law, Malicious Prosecution, Unreasonable Search and Seizure, Due Process Violations, Excessive Force, Equal Protection Violations, Free Speech Violations, . . . Religious Liberty Violations, Cruel and Unusual Punishment, Conspiracy, Interference with Human and Animal Rights, Municipal Liability, Warrantless Entry to Property not Justified Under Emergency Exception, Retaliation, [Fourth] Amendment Violation, and[] Violation of Constitutional Rights." Polejewski sought the "IMMEDIATE return of ALL animals" subject to the forfeiture order, as well as compensatory and punitive damages. (Emphasis in original.)

¶6 On June 25, 2021, the County moved for summary judgment. The District Court concluded in its Order Granting County's Motion for Summary Judgment ("Order") that both issue and claim preclusion barred Polejewski from relitigating her constitutional claims against the County. The District Court further dismissed her claim for punitive damages against the County as barred under § 2-9-105, MCA. Finally, the District Court granted the County's motion on Polejewski's claims of compensatory damages and municipal liability, explaining:

Whatever Polejewski means by "municipal liability," a passing reference in her Complaint, she has not presented a sufficient pleading or any facts to support a civil rights claim. Nor has she raised any in her response brief. Therefore, the Court will grant the County summary judgment on any remaining claims raised by the Complaint.

¶7    We review a district court's grant of summary judgment de novo, applying the same criteria as the district court under M. R. Civ. P. 56. *GRB Farm v. Christman Ranch, Inc.*, 2005 MT 59, ¶ 7, 326 Mont. 236, 108 P.3d 507 (citation omitted). "A district court's application of the doctrines of issue preclusion or claim preclusion are issues of law which we review de novo for correctness." *Reisbeck v. Farmers Ins. Exch.*, 2020 MT 171, ¶ 10, 400 Mont. 345, 467 P.3d 557 (citations omitted). We review a district court's decision to deny a motion to amend or supplement pleadings for abuse of discretion. *Lindey's Inc. v. Professional Consultants, Inc.*, 244 Mont. 238, 242, 797 P.2d 920, 923 (1990) (regarding amended pleadings); *Hughes v. Pullman*, 2001 MT 216, ¶ 40, 306 Mont. 420, 36 P.3d 339 (regarding supplemental pleadings).

¶8    Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." M. R. Civ. P. 56(c)(3). If the moving party meets its initial burden of proving a lack of any genuine issue of material fact, with all reasonable inferences being drawn in favor of the opposing party, "the burden shifts to the non-moving party to establish otherwise." *Schmidt v. Washington Contractors Group*, 1998 MT 194, ¶ 7, 290 Mont. 276, 964 P.2d 34 (citations omitted).

¶9 "Issue preclusion bars the same parties or their privies from relitigating issues in a second suit that is based upon a different cause of action." *Reisbeck*, ¶ 14 (citation omitted). Issue preclusion applies when:

(1) The issue decided in the prior adjudication is identical to the issue raised in the action in question;

(2) There is a final judgment on the merits in the prior adjudication;

(3) The party against whom preclusion is now asserted was a party or a party in privity with a party to the prior adjudication; and

(4) The party against whom preclusion is now asserted was afforded a full and fair opportunity to litigate the issue which may be barred.

*Reisbeck*, ¶ 14 (citation omitted). "All elements of issue preclusion must be satisfied for the doctrine to apply." *Reisbeck*, ¶ 14 (citation omitted).

¶10 The District Court concluded all elements of issue preclusion were met because: (1) the issues decided in the prior adjudication, whether the seizure of Polejewski's animals was proper and whether her rights were violated in the process of the seizure, were the same as the issues underlying her civil complaint here; (2) the animal forfeiture order, affirmed on appeal in *Polejewski XIV*, constitutes a final judgment on the merits in the prior adjudication; (3) Polejewski, the party against whom preclusion is now asserted, was a party to the prior adjudication; and (4) Polejewski was afforded a full and fair opportunity to litigate her constitutional claims and the merits of the forfeiture order during the May 26, 2020 evidentiary hearing on the State's forfeiture petition. We agree.

¶11 Polejewski argues that summary judgment is improper because of her other pending civil cases in two other Cascade County district courts. This is incorrect. The doctrine of

issue preclusion is intended to prevent parties from "waging piecemeal, collateral attacks on judgments, thereby upholding the judicial policy that favors a definite end to litigation." *Reisbeck*, ¶ 13 (citations omitted). Numerous pending cases involving the same parties, united by a common thread of grievance regarding the State's conduct in relation to a single event, demonstrate precisely why a court may employ a preclusion doctrine. The undisputed facts of this case point invariably to the same conclusion the District Court reached—that Polejewski had her day in court to contest the animal forfeiture order and the litany of purported civil rights violations stemming from the fire on Polejewski's property.

¶12 Polejewski challenges the portion of the Order dismissing her claims for compensatory damages, municipal liability, and punitive damages against the County. The District Court concluded these claims, based on the alleged civil rights violations, were not supported by any sufficient pleading or any facts in the record. Polejewski has not provided evidence to rebut the County's claims or the District Court's conclusions on summary judgment. The District Court's conclusions regarding Polejewski's non-constitutional claims for damages are correct.

¶13 Polejewski asserts for the first time on appeal that the summary judgment procedure under M. R. Civ. P. 56 is an unconstitutional deprivation of the Seventh Amendment right to a jury trial. This constitutional challenge was not presented to the District Court. "It is axiomatic that we will not review an argument, much less a constitutional challenge, that is raised for the first time on appeal." *State v. Normandy*, 2008 MT 437, ¶ 18, 347 Mont.

505, 198 P.3d 834. As we did in *Polejewski XIV*, we decline to review constitutional challenges raised for the first time on appeal.

¶14 Polejewski's final assertion on appeal is that the District Court erred in denying her motion to file amended and supplemental pleadings. The District Court reasoned that Polejewski's amended and supplemental claims would be futile and her 360-day delay in raising the supplemental claims constitutes undue delay because she sought to raise the additional claims only after the County had moved for summary judgment. In denying the motion to file amended and supplemental pleadings, the District Court correctly relied on our holdings in *Lindey's* and *Hughes*. *Lindey's*, 244 Mont. at 242-43, 797 P.2d at 923 (explaining that while amendments should be liberally allowed, reasons such as undue delay and futility of the amendment can justify denying a motion to amend); *Hughes*, ¶ 45 (affirming district court's denial of motion to file supplemental pleading filed more than three months after the alleged tortious conduct had occurred, the deadline for amendments had passed, and summary judgment motions were pending). The District Court did not abuse its discretion in denying Polejewski's motion to file amended and supplemental pleadings.

¶15 Cascade County requests we declare Polejewski a vexatious litigant. Pursuant to M. R. App. P. 19(5),

> The supreme court may, on a motion to dismiss, a request included in a brief, or sua sponte, award sanctions to the prevailing party in an appeal, cross-appeal, or a motion or petition for relief determined to be frivolous, vexatious, filed for purposes of harassment or delay, or taken without substantial or reasonable grounds. Sanctions may include costs, attorney fees, or such other monetary or non-monetary penalty as the supreme court deems proper under the circumstances.

¶16     Since Polejewski filed the civil complaint at the heart of this appeal, she has pursued four appeals of district court orders; a writ of supervisory control; petitions for reconsideration and rehearing; motions for emergency injunctive relief; motions to supplement the record on appeal; a motion for sanctions against the County under the Federal Rules of Civil Procedure; a motion for sanctions against the County under Rule 19(5); and filed briefs filled with irrelevant argument, accusations of grand conspiracy, and pointed personal attacks on the integrity and competence of judges, prosecutors, and defense attorneys alike. This non-exhaustive list of actions does not include the numerous other civil actions she has initiated regarding the recovery and dispersal of the animals.

¶17     Each step of the way, this Court and the District Court have gone to great lengths to afford Polejewski due process, accommodate her lack of legal expertise as a pro se litigant, and decipher her arguments in an effort to discern whether they have any merit. While we have previously declined to declare Polejewski a vexatious litigant, we note that "[h]owever much we desire to keep the courts open to all persons seeking to adjust their rights, duties, and responsibilities, we must also take into account the effect that [the litigant's] actions bring on other parties to [their] suits." *Lussy v. Bennett*, 214 Mont. 301, 309, 692 P.2d 1232, 1236 (1984). Considering Polejewski's history of duplicative litigation,[1] we deem it appropriate to declare her a vexatious litigant and place parameters on her access to the courts of this State going forward.[2]

---

[1] We note that future references to this Opinion will be denoted "*Polejewski XVIII*."

[2] This Order does not apply to Polejewski's currently pending litigation.

¶18    Accordingly, IT IS HEREBY ORDERED that Pamela Jo Polejewski is declared a vexatious litigant.  Before Polejewski is allowed to initiate any legal proceeding or file any pleading in any court of the State of Montana regarding the forfeiture and disposal of the animals recovered from her property, or the conduct of any governmental entity or individual related to the forfeiture and disposal of the animals recovered from her property, she is required to obtain pre-filing approval from the court in which she seeks to file.  The court may prohibit any such filing upon a determination that the claims asserted are harassing, frivolous, or legally not cognizable.  Only upon issuance of an order granting Polejewski permission to file may she file the proposed pleading or document.  We also caution Polejewski that any person who would attempt to file a document with a court on her behalf must be licensed to practice law in Montana.

¶19    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.  The District Court's interpretation and application of the law were correct.

¶20    Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

_____

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR