

FILED

07/13/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0545

DA 19-0545

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 174N

STATE OF MONTANA,

        Plaintiff and Appellee,

v.

RANDY CHRISTOPHER ARCHIBALD, SR.,

        Defendant and Appellant.

FILED

JUL 13 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DDC-17-315
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Chad Wright, Appellate Defender, Gregory Hood, Assistant Appellate Defender, Helena, Montana

    For Appellee:

        Austin Knudsen, Montana Attorney General, Bree Gee, Assistant Attorney General, Helena, Montana

        Joshua Racki, Cascade County Attorney, Amanda Lofink, Deputy County Attorney, Great Falls, Montana

Submitted on Briefs:  April 28, 2021

Decided:  July 13, 2021

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Randy Christopher Archibald, Sr. appeals from the August 19, 2019 Judgment of Conviction and Sentencing Order of the Eighth Judicial District Court, Cascade County. Archibald argues that the State should not have been allowed to alter its sentencing recommendations because he did not violate the conditions of his pretrial release. We affirm.

¶3      On June 2, 2017, the State charged Archibald by Information with felony partner or family member assault (PFMA) and misdemeanor assault. While in pretrial custody, the parties executed a nonbinding plea agreement pursuant to § 46-12-211(1)(c), MCA. Archibald agreed to plead nolo contendere to three felonies and two misdemeanors in exchange for a sentence to the Department of Corrections.

¶4      The agreement included the following provision:

> THE FOREGOING SENTENCING RECOMMENDATION IS CONTINGENT UPON THE DEFENDANT NOT COMMITTING OR BEING ARRESTED FOR ANY ADDITIONAL CRIMES.
>
> . . .
>
> IN THE EVENT THE DEFENDANT VIOLATES THIS PARAGRAPH, THE STATE MAY MAKE ANY SENTENCING RECOMMENDATION ALLOWED BY LAW AND/OR MAY REFILE ANY DISMISSED CHARGES OR CASES. . . .

2

Archibald signed an acknowledgment of waiver of rights. In April 2019, the District Court accepted Archibald's plea at a change of plea hearing.

¶5 At the sentencing hearing on July 9, 2019, the State reported that it had obtained a record of two incident reports of assault and theft that Archibald committed while in pretrial custody. The State contended that since Archibald violated the plea agreement by committing additional crimes, it was no longer bound by the plea agreement and was revising its sentencing recommendation.

¶6 Archibald admitted to being cited for disciplinary infractions while in custody. He argued, however, that the infractions did not qualify as crimes and therefore he did not violate the conditions of his plea agreement. Archibald requested specific performance of the plea agreement. The District Court found that Archibald violated the conditions of the plea agreement and denied his request for specific performance. The sentencing hearing was vacated, and the parties were ordered to submit a sentencing memorandum for a sentencing hearing a month later.

¶7 At the subsequent sentencing hearing in August, Archibald admitted to the assault but argued it was justified. Archibald argued that pretrial custody infractions do not qualify as crimes and the State should file charges if it wanted to treat the infractions as crimes. The District Court found Archibald's conduct violated the plea agreement.

¶8 "A plea agreement is a contract between the State and a defendant and thus subject to contract law standards." *State v. Newbary*, 2020 MT 148, ¶ 18, 400 Mont. 210, 464 P.3d 999. Contract law principles mandate that where the contractual language is clear

and unambiguous on its face, it is a court's duty to enforce the contract as drafted and executed by the parties. *State v. Lewis*, 2012 MT 157, ¶ 16, 365 Mont. 431, 282 P.3d 679. Whether the State has breached a plea agreement is a question of law we review de novo. *Newbary*, ¶ 5.

¶9 Archibald conceded to the District Court that he had been cited for disciplinary infractions for theft and assault while in custody before sentencing, although he contends, as to the assault infraction, he was acting in self-defense. Nevertheless, Archibald argues on appeal that there is insufficient evidence in the record to establish his violation of the plea agreement, and he argues that the State breached the plea agreement by revising its sentencing recommendation.

¶10 "[A] court may consider at sentencing ostensible crimes or misconduct which has neither been admitted by the defendant nor proven by the State to have occurred." *State v. Hill*, 2009 MT 134, ¶ 46, 207 P.3d 307 (Cotter, J., concurring) (citing *State v. Mason*, 2003 MT 371, 319 Mont. 117, 82 P.3d 903) (overruled on other grounds). Prosecutors and defendants are bound by the plea agreements they make. *Hill*, ¶ 29. When determining whether a plea agreement has been violated, "[e]ach case stands or falls on the facts unique to it." *Hill*, ¶ 29.

¶11 The language in the plea agreement requiring Archibald to refrain from committing additional crimes is clear and unambiguous. The record reflects that Archibald was disciplined for assault and theft while in pretrial custody. The District Court correctly

concluded that Archibald's pretrial disciplinary incidents violated the agreement which warranted the State's new sentencing recommendations.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

5