

FILED

04/18/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0214

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0214

RANDY CHRISTOPHER ARCHIBALD, SR.,

Petitioner,

v.

PETER BLUDWORTH, Warden,
Crossroads Correctional Center,

Respondent.

ORDER

F" ED

APR 1 8 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Randy Christopher Archibald, Sr. petitions this Court for habeas corpus relief, because "[t]he State breached the Plea-agreement by misleading the courts with false information." He argues that his sentence and incarceration are both illegal because of violations of his due process and other constitutional rights. He puts forth that he "was never charged with a crime[,]" but that "this revolves around two County Jail[] infractions." Archibald requests his immediate release from prison, an evidentiary hearing, and a reduction of his sentence.

This Court has heard Archibald's arguments previously. In 2019, Archibald appealed the Cascade County District Court Judgment of Conviction and Sentencing Order. *State v. Archibald*, No. DA 19-0545, 2021 MT 174N, ¶ 2, 2021 Mont. LEXIS 609 (Jul. 13, 2021). Through counsel, Archibald argued that "the State should not have been allowed to alter its sentencing recommendations because he did not violate the conditions of pretrial release." *Archibald*, ¶ 2. This Court affirmed his convictions pursuant to his nolo contendere plea to three felonies and two misdemeanors in a nonbinding plea agreement. Section 46-12-211(1)(c), MCA. *Archibald*, ¶¶ 2-3. We pointed out that Archibald signed an acknowledgment of waiver of rights and that he "admitted to being cited for disciplinary infractions while in custody." *Archibald*, ¶¶ 4,6. We determined that

"[t]he language in the plea agreement requiring Archibald to refrain from committing additional crimes is clear and unambiguous." *Archibald*, ¶ 11. We found no error in the court's decision that his "pretrial disciplinary incidents violated the agreement which warranted the State's new sentencing recommendations." *Archibald*, ¶ 11.

Archibald has not demonstrated an illegal sentence or illegal incarceration. Section 46-22-101(1), MCA. He appealed his convictions and sentence, and this Court concluded that Archibald's conduct violated the plea agreement. *Archibald*, ¶ 7. Archibald's constitutional claims have no footing because we have addressed them in his prior appeal. Section 46-22-101(2), MCA; *Archibald*, ¶ 11. He is not entitled to an evidentiary hearing or his immediate release. Therefore,

IT IS ORDERED that Archibald's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Randy Archibald, Sr. personally.

DATED this __18__ day of April, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

2