FILED

10/31/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0306

DA 22-0306

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 203

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

WILLIAM JOSEPH CLAUS,

      Defendant and Appellant.


APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADC-21-010
Honorable David J. Grubich, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Rufus I. Peace, Peace Law Group, LLC, Jacksonville, Florida

      For Appellee:

      Austin Knudsen, Montana Attorney General, Bjorn Boyer, Assistant
Attorney General, Helena, Montana

      Joshua Racki, Cascade County Attorney, Great Falls, Montana


Submitted on Briefs:  August 30, 2023

Decided:  October 31, 2023

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to a plea agreement, William Joseph Claus ("Claus") pled guilty to Assault with a Weapon, Criminal Endangerment, and Theft. Prior to sentencing, the State informed Claus it would withdraw from its plea agreement recommendation based on alleged crimes Claus committed while in custody. The District Court heard testimony regarding the incident and permitted the State to diverge from its sentencing recommendation in the plea agreement. Claus appeals his sentence entered on April 8, 2022, from the Montana Eighth Judicial District Court, Cascade County. We affirm.

¶2 The following issues are presented for review:

1. *Whether the untimeliness of the Persistent Felony Offender ("PFO") notice was waived when Claus entered a guilty plea.*

2. *Whether the District Court erred in determining Claus had breached the plea agreement and that the State was entitled to withdraw from the guilty plea and recommend a harsher sentence.*

**FACTUAL AND PROCEDURAL BACKGROUND**

¶3 The State charged Claus with seven criminal counts. The State filed two documents titled "Notice of Intent to Seek Treatment of Defendant as a Persistent Felony Offender," with the first notice not listing the specific alleged prior convictions as required by § 46-13-108, MCA. The second document listed the prior convictions the State was relying on to seek PFO status. The first notice was filed with the District Court on March 17, 2021, and served on defense counsel via U.S. mail. The second notice was given to the Sheriff's office and was personally served on Claus on March 19, 2021, and on Claus's counsel

2

April 9, 2021. PFO notice was required by the omnibus hearing, which was held via briefs on March 18, 2021.

¶4 On November 12, 2021, the parties filed an Amended Global Plea Agreement where the State agreed not to seek PFO designation and to dismiss all but three of the charges in exchange for Claus pleading guilty to them. The parties agreed to propose a recommended sentence of 20 years with 10 years suspended. The plea agreement was contingent on Claus "not being arrested for, being charged with, or there being probable cause to believe he committed any additional crime(s) . . . ." Claus entered pleas of guilty for Assault with a Weapon, Criminal Endangerment, and Theft at a change of plea hearing on December 8, 2021. At a subsequent sentencing hearing on January 19, 2022, defense counsel moved for a continuance due to the State providing notice that morning it intended not to follow the sentencing recommendation in the plea agreement and pursue PFO status due to an alleged breach of the plea agreement by Claus. The State claimed it received information Claus committed the crimes of obstructing a public servant and disorderly conduct while in custody. The District Court granted a continuance and was provided a copy of a nonprecedential on-point case, *State v. Archibald*, 2021 MT 174N, in lieu of briefing the issue of whether an infraction while in custody entitles the State to withdraw from the plea agreement. The Sentencing Hearing was reconvened on February 22, 2022, to address the State's withdrawal from the plea agreement. The State presented testimony from the correctional officers who handled the incident. The officers testified Claus refused to go

back to his cell without being provided an additional blanket due to the cold. The officers ended up using a taser and restraining him. Claus was never formally charged for the incident. Defense counsel raised constitutional defenses for Claus's actions at the final sentencing hearing on April 8, 2022. The Court determined there was probable cause Claus committed the alleged crimes, indicating "the Court doesn't need to determine whether he would have had a defense ultimately to them."

¶5 The State recommended a 20-year sentence with no time suspended and treatment of Claus as a PFO. Claus's counsel objected to the PFO designation on the grounds of a late and deficient PFO notice. The Court found Claus had waived his challenge to the timeliness of the PFO designation when he pled guilty. Claus asked the District Court to follow the plea agreement recommendation for sentencing. The Court ultimately designated Claus as a PFO and sentenced him to 15 years for Assault with a Weapon, 10 years for Criminal Endangerment, and 5 years for Theft, with no time suspended, to be served concurrently. Claus timely appealed his sentence.

## STANDARD OF REVIEW

¶6 A criminal sentence is reviewed for legality. *State v. Herman*, 2008 MT 187, ¶ 11, 343 Mont. 494, 188 P.3d 978. A district court's interpretation of a sentencing statute is a question of law, which we review for correctness. *State v. Ramsey*, 2007 MT 31, ¶ 13, 336 Mont. 44, 152 P.3d 710.

4

¶7    "A plea agreement is a contract between the State and a defendant and thus subject to contract law standards." *State v. Newbary*, 2020 MT 148, ¶ 18, 400 Mont. 210, 464 P.3d 999. We review "the district court's interpretation of a contract for correctness." *State v. Lewis*, 2012 MT 157, ¶ 13, 365 Mont. 431, 282 P.3d 679. "Whether the State has breached a plea agreement is a question of law that we review de novo." *Newbary*, ¶ 5.

## DISCUSSION

¶8    *1. Whether the untimeliness of the Persistent Felony Offender ("PFO") notice was waived when Claus entered a guilty plea.*

¶9    A voluntary and intelligent guilty plea constitutes a waiver of nonjurisdictional defects and defenses. *State v. Niederklopfer*, 2000 MT 187, ¶ 13, 300 Mont. 397, 6 P.3d 448 (overruled on other grounds). This is because "a person pleading guilty is convicted and sentenced on his plea, not the evidence." *State v. Turcotte*, 164 Mont. 426, 428, 524 P.2d 787, 788 (1974). If the prosecution intends to seek treatment of the defendant as a PFO, notice specifying the alleged prior convictions must be given before or at the omnibus hearing pursuant to § 46-13-110, unless good cause is shown. Section 46-13-108, MCA. The purpose of such notice is to give the defendant the opportunity to object to the criminal record relied upon and to have an opportunity for a hearing if there is an objection. *State v. Shults*, 2006 MT 100, ¶ 22, 332 Mont. 130, 136 P.3d 507.

¶10    Claus did not raise an objection to the PFO notice for untimeliness until after he entered a guilty plea on December 8, 2021. Claus first raised the issue of the PFO notice being late in an objection filed on March 4, 2022. The State conceded the PFO notice that

included what offenses they were relying on was late, but only by two days. The State maintained this did not result in any prejudice to the defendant. Claus does not contend that his guilty plea was not voluntary and intelligent, but argues his case is distinguishable from *Niederklopfer* because the Court in *Niederklopfer* followed the plea agreement when it designated the defendant as a PFO. *Niederklopfer*, ¶ 5. In *Niederklopfer*, we held the defendant had waived his right to challenge the timeliness of the PFO notice after he had pled guilty. *Niederklopfer*, ¶ 15. Notably, Niederklopfer did not object when the State filed its late PFO notice and only brought it up on appeal. *Niederklopfer*, ¶ 15. We held that the determinative factor is not whether the plea agreement included the PFO designation but whether the guilty plea was voluntary and intelligent. See *Niederklopfer*, ¶ 5; *State v. Wheeler*, 285 Mont. 400, 402, 948 P.2d 698, 699 (1997). Here, Claus did not reserve his right to appeal pre-plea procedural issues. *Wheeler*, 285 Mont. at 402, 948 P.2d at 699. Section 46-12-204(3), MCA ("With the approval of the court and consent of the prosecutor, a defendant may enter a plea of guilty or nolo contendere, reserving the right, on appeal from the judgment, to review the adverse determination of any specified pretrial motion. If the defendant prevails on appeal, the defendant must be allowed to withdraw the plea"). Therefore, Claus waived his right to challenge the timeliness of the PFO notice.

¶11 Additionally, even if Claus had not waived his right to challenge the timeliness of the PFO notice, we will not disturb a district court's PFO designation if the defendant did have notice and they were not prejudiced by the late filing. *Shults*, ¶ 22. When the PFO

6

notice has been a few days late and there is ample time between the notice and the sentencing hearing to object, we have held the defendant is not prejudiced by the late notice and we will not overturn the district court's PFO determination. *State v. Ramsey*, 2007 MT 31, ¶¶ 19-21, 336 Mont. 44, 152 P.3d 710. Here, the State's first PFO notice was timely but did not contain the underlying offenses, but the State served an additional notice on Claus containing the underlying offenses two days after the omnibus hearing. The District Court correctly determined Claus did not suffer prejudice from the notice being two days late and Claus had waived his right to challenge the timeliness of the PFO notice.

¶12     2. *Whether the District Court erred in determining Claus had breached the plea agreement and that the State was entitled to withdraw from the guilty plea and recommend a harsher sentence.*

¶13     Initially, we must address whether Claus preserved for appeal the issue of the State's withdrawal from the plea agreement. We will generally not address issues raised for the first time on appeal. *State v. Tippets*, 2022 MT 81, ¶ 9, 408 Mont. 249, 509 P.3d 1. The issue or claim should be timely raised in the first instance in the trial court. *State v. Norman*, 2010 MT 253, ¶ 16, 358 Mont. 252, 244 P.3d 737. A criminal defendant can challenge their sentence for the first time on appeal if the sentence was illegal, or in excess of statutory mandates. *Tippets*, ¶ 9. A request for leniency at sentencing is not a legal objection to the sentence. *State v. Hinshaw*, 2018 MT 49, ¶ 18, 390 Mont. 372, 414 P.3d 271.

¶14    Although Claus's counsel did not specifically object to the State making an alternative sentencing agreement, he did bring up the issue of constitutional defenses for the uncharged conduct and repeatedly asked for the plea agreement to be enforced at the sentencing hearing.  In the sentencing hearing on February 22, 2022, Claus's counsel stated, "I am not opposing that the State may make an alternate sentencing recommendation on the basis of the *Archibald* case."  He additionally stated, "We do intend to ask that the plea agreement terms, as are written, still be imposed by the Court."  At the second hearing on April 8, 2022, Claus's counsel brought up two possible constitutional defenses for Claus's conduct in jail and claimed he was raising them to ensure they were on the record.  Claus's counsel claimed he was not "relitigating the breach," but argued the State's new recommendation was not proportional to Claus's conduct and the constitutional defenses should apply.  The District Court replied that "You've made your record."

¶15    Claus's arguments at sentencing were more than just a request for leniency as Claus's counsel brought up the issue of potential constitutional defenses multiple times and wanted to ensure those arguments were preserved on the record.  The District Court was able to consider those constitutional defenses and opposing counsel was on notice those defenses were being raised.  Although Claus did not contest the State's ability to withdraw from the plea agreement based on this Court's caselaw, Claus could not have been expected to ask the District Court to distinguish or overturn caselaw.  On appeal, Claus acknowledges the caselaw supports the ability of the State to withdraw from the plea

8

agreement based on uncharged crimes and asks this Court to distinguish our prior caselaw to not allow for this possibility. Claus sufficiently preserved the issue of whether the State should have been allowed to withdraw for appeal.

¶16    "A plea agreement is considered a contract between the State and a defendant and is subject to contract law standards." *State v. Rardon*, 2002 MT 345, ¶ 18, 313 Mont. 321, 61 P.3d 132. Both prosecutors and defendants must abide by the plea agreements they make. *State v. Hill*, 2009 MT 134, ¶ 29, 350 Mont. 296, 207 P.3d 307. There are no exact criteria a district court must follow when determining whether a party has breached the plea agreement, rather "each case must be decided on its own unique facts." *State v. Rardon*, 2005 MT 129, ¶ 20, 327 Mont. 228, 115 P.3d 182. The choice of remedy for a breach of a plea agreement is generally in the hands of the non-breaching party, though the district court retains some discretion in choosing the remedy for a breach. *State v. Warner*, 2015 MT 230, ¶ 20, 380 Mont. 273, 354 P.3d 620 (citing *State v. Munoz*, 2001 MT 85, ¶¶ 38, 13 n.1, 305 Mont. 139, 23 P.3d 922). When a defendant breaches a plea agreement, the State is relieved from offering its sentencing recommendation contained in the plea agreement. See *Warner*, ¶ 20. A sentencing court may consider any relevant evidence, including evidence of other acts or crimes that resulted in acquittal or dismissal. *State v. Mason*, 2003 MT 371, ¶ 23, 319 Mont. 117, 82 P.3d 903 (overruled on other grounds).

¶17    In *Hill*, the defendant challenged the prosecutor's use of charges dismissed pursuant to the plea agreement in the sentencing memorandum. *Hill*, ¶ 26. We held the State did

not violate the plea agreement when it reminded the District Court of dismissed charges because a sentencing court may consider any relevant evidence. *Hill*, ¶ 31. A similar conclusion was reached in *Mason*, where we concluded there was nothing in the plea agreement that prevented the State from discussing other alleged crimes dismissed as part of the plea agreement. *Mason*, ¶¶ 23, 26.

¶18 Claus urges us to limit the rule from *Hill* and *Mason* that sentencing courts may consider uncharged conduct, arguing uncharged offenses should not be a breach of the plea agreement when there are likely defenses. Claus asserts this use of uncharged conduct violates due process protections for defendants by allowing potential harsher sentencing based on crimes with a lower burden of proof. Article II, Section 17 of the Montana Constitution mandates a criminal defendant must be allowed to "explain, argue, and rebut any information . . . that may lead to the deprivation of life, liberty, or property." *State v. Morris*, 2010 MT 259, ¶ 18, 358 Mont. 307, 245 P.3d 512.

¶19 While probable cause is a lower standard than beyond a reasonable doubt, no defendant is sentenced for any crime that has not been proven beyond a reasonable doubt or one they have pled guilty to. Sentencing judges have always been allowed to consider factors beyond just the crime at issue, such as past criminal history and background. *Hill*, ¶ 31. A sentencing judge is not precluded from considering defenses to allegations of criminal acts and in fact, should consider all the available evidence when making determinations of whether there was a violation of the plea agreement. To the extent that

the District Court suggested it did not have to consider defenses to the alleged crimes, it was incorrect. However, a district court has the discretion to decide whether there was probable cause the defendant committed a crime considering all the evidence, and they are not obliged to rule for the defendant simply because the defendant presents a defense.

¶20 Here, the District Court did consider all the evidence and Claus was allowed to cross-examine the officers and present his constitutional defenses. The District Court still found there was probable cause Claus committed the alleged crimes. Although the District Court misspoke in saying it did not have to consider defenses, it still heard and considered all the evidence related to the incident and as such we find no reversible error in its finding there was probable cause Claus committed the crimes. Claus's due process rights were not violated when he was given the chance to explain his conduct in custody and cross-examine witnesses the State presented regarding the alleged incident. Additionally, the plea agreement was nonbinding on the District Court and thus the District Court was free to sentence Claus less or more than the State's recommendation regardless of whether the State followed the plea agreement. Section 46-12-211(2), MCA.

¶21 The language of the plea agreement was clear and unambiguous. The relevant provision in the plea agreement states: "The foregoing sentencing recommendation is contingent upon the defendant not being arrested for, being charged with, or there being probable cause to believe he committed any additional crime(s)." Claus voluntarily and intelligently agreed to this provision in the plea agreement. He was able to present his case

11

to the District Court that there was not probable cause he committed any crime considering the circumstances and the District Court, in its discretion, determined there was a breach. There is nothing in the record to show the District Court abused its discretion in this determination.

## CONCLUSION

¶22 Claus waived any timeliness objection to the PFO notice when he subsequently voluntarily and intelligently pled guilty without reserving the issue for appeal. Additionally, the District Court correctly determined there was probable cause Claus committed a crime which allowed the State to withdraw from the plea agreement and relieved the State's obligation to make a particular sentencing recommendation.

¶23 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR