FILED

09/10/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0699

DA 23-0699

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 204N

TIFFANY HOUSE,

      Plaintiff and Appellee,

   v.

DAVID E. ORR,

      Defendant and Appellant,

CONRAD COGGESHALL,

      Defendant.

APPEAL FROM:   District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DV 22-18
Honorable Matthew J. Cuffe, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      David E Orr, Self-Represented, Libby, Montana

      For Appellee:

      W. Bridger Christian, LL.M., Christian, Samson and Baskett, PLLC,
Missoula, Montana

Submitted on Briefs:  July 10, 2024
Decided:  September 10, 2024

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      David E. Orr appeals from the Nineteenth Judicial District Court order granting Tiffany House's motion for summary judgment quieting title to a parcel of property in House's name.  We affirm.

¶3      This dispute concerns a parcel of property ("the Property") in Lincoln County, Montana.  The Property was conveyed to House's former husband, Conrad Coggeshall, in May of 2009 by an LLC owned by Orr.  The conveyance occurred during House's marriage to Coggeshall, which ended on August 21, 2012.  House sought to sell the property in August 2020, but a title company in Libby informed her that they could not ensure a free and clear title because Coggeshall was still listed as the owner of record.  On December 8, 2020, the Superior Court of Arizona, Maricopa County, granted House's request for permission to transfer the Property into her name in order to sell it.  After the Maricopa County Superior Court issued its order, Coggeshall, then incarcerated in Maricopa County, executed a quitclaim deed transferring his interest in the Property to Orr, who recorded the deed in Lincoln County, Montana.

¶4      House filed this quiet title action in the Nineteenth Judicial District Court on February 16, 2022.  House alleged in her complaint that Coggeshall's transfer to Orr was

2

a fraudulent transfer under § 31-2-333, MCA. The complaint listed as defendants Orr, Coggeshall, and "all other persons, unknown, claiming or who might claim any right, title, estate, or interest in or lien or encumbrance upon the real property described [in the complaint] adverse to [House's] ownership or any cloud upon [House's] title, whether the claim or possible claim is present or contingent." Orr answered the complaint on June 10, 2022, denying knowledge of House's ownership interest or the fraudulent nature of the conveyance by Coggeshall.

¶5 On March 23, 2023, House served Orr with discovery requests by mail, including five requests for admission. The requests for admission included requests that Orr admit: (1) that he was aware of Coggeshall's purpose of transferring the Property, which House alleged was to keep her from acquiring it; (2) that he was aware of the divorce between House and Coggeshall; (3) that he was aware of the December, 2020 order from the Arizona court awarding House the Property; (4) that he paid no consideration to Coggeshall or any other individual for Coggeshall's quitclaim of the Property to him; and (5) that he was not a "purchaser in good faith" of the Property as defined by § 70-20-404, MCA.

¶6 After Orr failed to respond to her discovery requests, House filed a motion for summary judgment on May 31, 2023, arguing that because Orr had not responded to the discovery requests within 30 days, the five requests for admission were deemed admitted pursuant to M. R. Civ. P. 36(a)(3). Orr failed to respond to the motion for summary judgment. The District Court granted House's motion for summary judgment on July 28, 2023. In the Order granting House's motion, the District Court concluded that title should

be quieted in House's name and ordered that Orr execute a quitclaim deed and any other necessary documents conveying all his rights, title, and interest in the Property to House by August 18, 2023.

¶7 Orr filed a notice of appeal on August 17, 2023, and a motion to stay execution of the order granting summary judgment on August 18, 2023. Default judgment was entered against Coggeshall and the unknown defendants on August 23, 2023. On November 3, 2023, the District Court denied Orr's motion, citing Orr's failure to seek certification of the appeal pursuant to M. R. App. P. 54. The District Court filed a separate order on the same day, transferring ownership of the Property to House due to Orr's failure to comply with the Order granting House's motion for summary judgment. We dismissed Orr's first appeal on November 28, 2023. Orr filed a second notice of appeal on December 1, 2023.

¶8 We review a district court's grant of summary judgment de novo, using the same criteria applied by the district court under M. R. Civ. P. 56. *GRB Farm v. Christman Ranch, Inc.*, 2005 MT 59, ¶ 7, 326 Mont. 236, 108 P.3d 507 (citation omitted).

¶9 Orr advances four arguments as to why the District Court erred by granting summary judgment: (1) House's requests for admission were improperly served on him; (2) he did deny the requests for admission; (3) drawing an adverse inference from his failure to deny the requests for admission violated his 5th Amendment right against self-incrimination; and (4) summary judgment violated his 6th Amendment right to a jury trial.

4

¶10　House responds that because the District Court did not have an opportunity to consider any of these arguments they are not properly before this Court.

¶11　While we consistently make accommodations for pro se litigants by relaxing the technical and substantive requirements of litigating in this Court, we generally will not consider arguments raised for the first time on appeal. *State v. Claus*, 2023 MT 203, ¶ 13, 413 Mont. 520, 538 P.3d 14 (citation omitted). The basis for this general rule is that it is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. *Unified Indus., Inc. v. Easley*, 1998 MT 145, ¶ 15, 289 Mont. 255, 961 P.2d 100 (citation omitted).

¶12　Orr could have raised his arguments below by filing a response to House's motion for summary judgment or a motion for relief from summary judgment pursuant to M. R. Civ. P. 60(b). The requirement that litigants preserve their arguments for appeal is not a punishment; it is a procedural requirement intended to give the district courts and other litigants fair notice of the legal issues involved in a case. As we have long held, it is reasonable to expect all litigants, including those acting pro se, to adhere to the procedural rules that ensure a fair judicial process. *Cox v. Magers*, 2018 MT 21, ¶ 15, 390 Mont. 224, 411 P.3d 1271 (citation omitted). By failing to do so, Orr failed to preserve his arguments for appeal. Therefore, we decline to address them.

¶13　We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents

no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶14    Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON